UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
JAMAR COOK,

                Plaintiff,

    - against -

JIM RILEY and PUGLISSIE-PHILLIPS,

               Defendants.
------------------------------------------------------x

**MEMORANDUM & ORDER**
19-CV-2908 (PKC) (JO)

PAMELA K. CHEN, United States District Judge:

On May 28, 2019, Plaintiff Jamar Cook ("Plaintiff") filed the instant *pro se* complaint against Defendants Jim Riley and Puglissie-Phillips.[1] (*See generally* Complaint ("Compl."), Dkt. 1.) On April 4, 2019, Plaintiff was arrested in Gloucester County, New Jersey. (*Id.* at 1.) At the time of his arrest, Defendant Riley took possession of Plaintiff's personal property and, to date, has not returned said property because it is "awaiting return approval from [Defendant] Puglissie-Phillips." (*Id.*) A criminal proceeding was subsequently brought against Plaintiff in New Jersey, though the action was dismissed on April 19, 2019. (*Id.*)

Under the federal venue statute, a plaintiff may commence a civil action in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] Because this case is "[a]t the pleadings stage," the Court "assumes the truth of 'all well-pleaded, nonconclusory factual allegations' in the complaint." *Durant v. N.Y.C. Housing Auth.*, No. 12-CV-837 (NGG) (JMA), 2012 WL 928343, at *1 (E.D.N.Y. Mar. 19, 2012) (quoting *Kiobel v. Royal Dutch Petrol. Co.*, 621 F.3d 111, 123 (2d Cir. 2010)).

1

28 U.S.C. § 1391(b). Here, since all of the acts or omissions alleged in the complaint took place in Gloucester County, New Jersey (*see* Compl., at 1–2), transfer of this action is appropriate. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division in which all parties have consented.").

Accordingly, the Clerk of Court is respectfully directed to transfer this action to the United States District Court for the District of New Jersey. No summons shall issue from this Court. A decision on Plaintiff's request to proceed *in forma pauperis* is reserved for the transferee court. The Court notes that Plaintiff failed to file an authorization form pursuant to the Prison Litigation Reform Act and advises him to do so in the transferee court as soon as the transfer is effectuated.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: June 10, 2019
      Brooklyn, New York